Commonwealth *v.* Johnson, Appellant.

Argued June 13, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*J. Michael Williamson,* Public Defender, for appellant.

*Bernhard Dohrmann,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 11, 1969:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

This is an appeal from a judgment of sentence rendered by the Court of Quarter Sessions of Clinton County, Pennsylvania, following appellant's conviction by a jury on charges of burglary, larceny, and receiving stolen goods.

Appellant contends, inter. alia, that he suffered fundamental prejudice at his trial by the introduction of testimony concerning a Derringer pistol allegedly stolen by him even though the trial court ruled in his favor on a motion to suppress such evidence as the fruits of an illegal search and seizure. Such motion was made under Pennsylvania Rules of Criminal Procedure Nos. 2000 and 2001.

The trial court, in its opinion denying appellant's motion, pointed out that appellant had not objected to the testimony concerning the Derringer pistol. Appellant contends that his motion to suppress constituted a continuing objection and also complains of the irregular procedure in this case involving the suppression order. Although prior to the trial the motion to suppress was filed and a hearing was held, the court ruled on the motion in the midst of the trial.

Some of the testimony in this case concerning the pistol may have been derived from an independent source. However, I am convinced that the recovery of the pistol came about only through the suppressed

statements of the defendant. As a result, it was prejudicial to the appellant for the court to mention to the jury that it believed that the pistol had been recovered and, most damaging, for the owner of the pistol to testify that he had recovered it.

It is my opinion that, if Rules 2000 and 2001 and the suppression order thereunder, and any similar order in criminal cases are to have any meaningful effect, it should be unnecessary to object to testimony introduced in violation of such orders, and that the fact that testimony was permitted in this case in violation of the order requires a new trial.

Therefore, I respectfully dissent.

HOFFMAN, J., joins in this dissent.